UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEMETRIOUS SMITH, *et al.*, | : | Case No. 1:08-cv-408 |
| Plaintiff, | : | Beckwith, J. |
| | : | Black, M.J. |
| vs. | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFFS' COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; DEFENDANTS' MOTIONS TO DISMISS (Docs. 26, 28, 30, 33, 41) BE GRANTED; AND THIS CASE CLOSED**

On or about June 16, 2008, Plaintiffs Demetrious Smith, Amy Smith, Denise Hill, and Michelle Bradford ("Plaintiffs") filed their complaint in this case seeking damages from various defendants pursuant to certain federal and state statutory causes of action and common law claims. Specifically, the complaint alleges 20 separate counts and identifies 28 separate defendants.

Now before the Court are motions to dismiss by defendants JP Morgan Chase Bank, N.A. ("Chase), Ocwen Financial Corporation ("Ocwen"), Wells Fargo Bank, N.A, and US Bank for failure to state a claim upon relief can be granted (Docs. 26, 28, 30, 33, 41) and the parties' responsive memoranda (Docs. 44-48).[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] On July 3, 2008, Judge Beckwith entered an order *sua sponte* dismissing the complaint as to defendants United States of America, Department of Housing and Urban Development, Sixth Circuit Court of Appeals, Executive Office of U.S. Trustee, Southern District of Ohio Bankruptcy Court, Bankruptcy Appellate Panel, Margaret Burks as Chapter 13 Trustee, Federal Tort Claims Act Agency,

**I.**

Plaintiffs maintain, *inter alia*, that they were "victims of predatory lending, conspiracy, improper foreclosure proceedings, improper court procedure, civil and constitutional rights violations." (Doc. 11 at p. 3.) The factual allegations relating to the remaining defendants are outlined below:

    A.    *JP Morgan Chase*

> JP Morgan Chase. This Bank was tied into Denise Hill's fraudulent loan with Bruce Hill. Bruce Hill lives in Indian Hill, (a very affluent neighborhood). In a complaint using Denise Hill's name, with Bruce Hill, it is believed his wife's name is also Denise Hill. We believe the scammers involved Bruce Hill because his wife was also named Denise Hill.

(Doc. 11, p. 5, ¶ k.)

    B.    *Ocwen Financial*

> Ocwen Financial: Participated in the scheme, because the original loan was $39,000. Their role needs to be investigated.

(*Id.* at ¶ m.)

D.    *Aegis Funding*

> A subsidiary of JP Morgan Chase, thus far has slid out of being accountable for the damages they caused in these predatory loans. The courts' wrongfully allowed foreclosed on the Ehrling properly, and they had a role in it because the property was never assigned properly.

(*Id.* at ¶ n.)

---

State of Ohio, Hamilton County Court of Common Pleas, Ohio Supreme Court, First District Court of Appeals, Goering and Goering Law Firm, Rick Deblasse, Legal Aid Society of Cincinnati, Cincinnati Police, Duke Energy, Cincinnati Water Works, and Marc Dann.

E.  *New Century Mortgage Company and Bruce Hill*

> New Century Participated in the same with Bruce Hill, and others to issue Denise Hill bogus checks.

(*Id.* at ¶ o.)

F.  *National City Bank*

> Michelle Bedford's closing mortgage payments were altered, and the original note was missing. Yet foreclosure was allowed to commence, without any inquiry as to why her closing documents looked altered.

(*Id.* at ¶ p.)

The complaint further alleges that " [t]he Bankruptcy remote SPE entity, networked RICO acts involved securitized lender and others, such as... National City Bank (formerly Provident Bank)." (*Id.* at p. 25, ¶ 93)

G.  *US Bank*

> At first they were a defendant with Denise Hill. Next, Robert Goering was giving Denise Hill's property to them calling them the real party of interest. We'd like more information about their involvement to scamming Denise Hill.

(Id. at ¶ v.)

F.  *Marvin Smith*

> Took Denise to sign for the home improvement loan that was a scam for people to rip her off. Denise says memories of that car, ride still haunt her today. Owner of Ollie Trolley's in Cincinnati.

(*Id. at ¶ w.*)

I.  *Well Fargo Bank*

> This property was quoted as being "in Rem", and had previous ties with Merril-Lynch which has ties with Wells Fargo. This meant Wells Fargo wasn't a good faith purchaser, and instead retrieved the property back irregardless of law.
>
> ***
>
> Wells Fargo, U.S. Bank etc. . . worth millions and billions were allowed to seize our properties by breaking the law.

(*Id.* at ¶ x.)

Plaintiff's complaint asserts the following claims for relief (purportedly against all defendants):

1. Deprivation of Civil Rights 42 U.S.C. § 1981, 1982
2. 42 U.S.C. § 1983, 1985 Conspiracy
3. Negligent Infliction of Emotional Distress
4. Intentional Infliction of Emotional Distress- Humiliation, Loss of Enjoyment of Life
5. Fraud by Omission and Non-Disclosure
6. Conflict of Interest
7. Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 e
8. Deprivation of Access to Courts
9. Truth and Lending Act Violations
10. Violations of Due Process Rights and Equal Protection of the Law
11. Fair Housing Act Violations - Reverse Redlining and Equity Skimming
12. Request for Change of Venue
13. Legal Malpractice
14. Tort Liability
15. Unfair Deceptive Acts and Practices
16. RICO - Violation of 18 U.S.C. § 1961-1964
17. Equity Skimming Violation 12 U.S. C. 1709-2
18. Embezzlement
19. Human Rights Violations
20. U.C.C. Question

Plaintiffs are seeking compensatory damages in excess of $100,000 for each count,

and $20,000,000 in punitive damages.

Upon careful review, the undersigned finds that Plaintiffs' complaint fails to state a claim upon which relief can be granted, and the complaint is therefore properly dismissed pursuant to Rule 12 (b)(6).

## II.

In ruling on a motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because Plaintiff brings this case *pro se*, the Court construes the allegations liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). Indeed, "a pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences," *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and "*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993).

Moreover, to withstand a motion to dismiss for failure to state a claim under Rule

12(b)(6), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Id.*; *see also, Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005) (noting that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.

Defendants assert that even accepting all of Plaintiffs' allegations as true, the complaint should be dismissed against them, because Plaintiffs cannot prove any set of facts that would entitle them to relief. The undersigned agrees.

> 1. *Plaintiffs present no allegations of fact to support their claims for violation of civil rights, deprivation of access to courts, due process and equal*

> *protection, and for violations of human rights against the remaining defendants.*

As an initial matter, Plaintiffs' complaint is devoid of any allegation of fact to support a claim against the banks and named individuals as to Counts One and Two for violation of civil rights, Count Eight for deprivation of access to courts, Count Ten for violation of due process and equal protection, and Count Nineteen for violations of human rights. These claims appear to have been directed at the federal and state defendants, and not against the remaining defendants. As such, these claims should be dismissed.

    2.    *Plaintiffs' counts for negligent and intentional infliction of emotional distress fail to state a claim for relief.*

Plaintiffs' Counts Three and Four seek recovery for alleged negligent infliction of emotional distress and intentional infliction of emotional distress. Again, Plaintiffs appear to make no effort to state a claim for relief on these counts. Plaintiffs do not allege any set of facts to support a finding that the remaining defendants played any role in any alleged infliction of emotional distress of any of the Plaintiffs. Therefore, Plaintiffs' claims for negligent and intentional infliction of emotional distress should be dismissed.

    3.    *Plaintiffs fail to state a claim for fraudulent omission.*

Count Five of Plaintiffs' complaint purports to assert a claim for fraudulent omission or non-disclosure. Because Plaintiffs have not alleged that defendants had any

duty of disclosure, and have not alleged that they breached any such duty, Plaintiffs' claim for fraudulent omission and non-disclosure should be dismissed.

    4.    *Plaintiffs present no allegations of fact to support their claims for conflict of interest and malpractice against the banks and individual defendants.*

Plaintiffs' Count Six for conflict of interest and Count Thirteen for malpractice are not appropriately brought against the remaining defendants. These claims appear to have been directed at the lawyer defendants, and, as such, these claims should also be dismissed.

    5.    *Plaintiffs fail to state a claim for violation of the Fair Debt Collection Practices Act*

Count Seven of Plaintiffs' complaint purports to assert a claim for violation of the Fair Debt Collection Practices Act (the "FDCPA"). Liability under the FDCPA does not attach unless the defendant satisfies the statutory definition of a "debt collector." *Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003). The statute defines "debt collector" as including "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Because Plaintiffs have not alleged that any of the remaining defendants was a debt collector as defined by the FDCPA or that they made any attempt to collect a debt against any of the Plaintiffs, Plaintiffs' claim under the FDCPA should be dismissed.

6. *Plaintiffs fail to state a claim for violation of the Truth in Lending Act*.

Count Nine of Plaintiffs' Complaint purports to assert a claim for violation of the Truth in Lending Act ("TILA"). TILA imposes duties of disclosure only upon "creditors" as that term is defined by 15 U.S.C. § 1602(f). Section 1602(f) defines "creditor" as follows:

> The term "creditor" refers only to a person who both (1) regularly extends ... consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness . . . .

15 U.S.C. § 1602.

In order for an entity to be considered a creditor under TILA, the entity must fall under both prongs of § 1602(f). In this case, Plaintiffs present no factual allegations to suggest that any of the remaining defendants were ever a creditor of any of the Plaintiffs as defined under TILA. The clear language of TILA provides that only the person to whom the debt is owed on the face of the note or contract is a creditor. Therefore, Plaintiffs have not alleged any facts to show that the defendants fall under the plain language of the definition of "creditor" under § 1602(f). Further, Plaintiffs have not alleged that the defendants had any duty of disclosure to one or more of the Plaintiffs or that they did not satisfy any obligations imposed under TILA. Therefore, Plaintiffs have alleged no set of facts to support their claim under TILA.

*7. Plaintiffs fail to state a claim for violation of the Fair Housing Act.*

Count Eleven of Plaintiffs' Complaint purports to assert a claim for violation of the Fair Housing Act (the "FHA"). While it is unclear what provisions of the FHA were allegedly violated, the FHA's statute of limitations is two years. *See* 42 U.S.C. § 3613(a)(1)(A). Through the allegations of Plaintiffs' complaint, it is clear that the alleged violations occurred prior to the end of 2005, when plaintiff Denise Hill tried to file bankruptcy. (*See* Doc. 11 p. 6.) As such, Plaintiffs' claims for violations of the FHA are barred by the statute of limitations and should be dismissed.

Further, Plaintiffs have alleged no set of facts to establish any violation of any of the provisions of the FHA. Therefore, Plaintiffs' claims under the FHA should be dismissed.

*8. Plaintiffs fail to state a claim for "Tort Liability."*

Count Fourteen of Plaintiffs' Complaint purports to assert a claim for "Tort Liability." As noted by defendant Chase, the concept of tort liability covers a broad range of potential claims. A tort can generally be any legal wrong committed upon the person or property, independent of contract, and can be defined differently in various contexts. Without greater specificity, Plaintiffs have failed to state a claim for "tort liability."

More importantly, Plaintiffs' complaint fails to allege any set of facts to establish that the remaining defendants violated any tort duty or caused any damage to Plaintiffs. As such, Plaintiffs' Count Fourteen for tort liability fails to state a claim upon which relief can be granted.

> 9. *Plaintiffs' Count Fifteen for unfair deceptive acts and practices fails to state a claim for relief*

Plaintiffs' Count Fifteen purports to assert a claim for unfair deceptive acts and practices. However, Plaintiffs have alleged no set of facts to support a finding that the remaining defendants engaged in any unfair or deceptive acts. As such, these claims should be dismissed.

> 10. *Plaintiffs' Count Sixteen for Racketeering fails to state a claim for relief*

Plaintiffs' Count Sixteen seeks recovery for alleged violations of 18 U.S.C. Sections 1961-1964. In order to establish a violation of RICO, Plaintiffs must show: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.* (1985), 473 U.S. 479. In order to establish "racketeering activity," the plaintiffs must be guilty of a predicate act of "racketeering activity" as defined in 18 U.S.C. § 1961(1). *Kenty v. Bank One, N.A.*, 92 F.3d 384, 389 (6th Cir. 1996).

First, Plaintiffs have presented no factual allegations to support a finding that any RICO conspiracy involved any predicate act of racketeering activity. Further, Plaintiffs have not alleged that any of the remaining defendants participated in the affairs of an enterprise. The United States Supreme Court has held that the phrase "to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs" requires "some part in directing the enterprise's affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). In *Reves,* the Court held that an outside accounting firm could not be held

liable under § 1962(c) for incorrectly valuing a farm cooperative's assets on the cooperative's financial statements, because the accounting firm did not participate directly or indirectly in the conduct of the cooperative's affairs. *Id.* at 185-86. The Court held that "it is clear that Congress did not intend to extend RICO liability under § 1962(c) beyond those who participate in the operation or management of an enterprise through a pattern of racketeering activity." *Id*. at 184. Plaintiffs have not alleged that any of the remaining defendants participated in the operation of management of any enterprise.

Finally, Plaintiffs have not alleged that there was a pattern of racketeering activity in this case. For the element of pattern to be satisfied, a plaintiff must not only show two acts of racketeering activity within ten years, but must also show that those acts were related and continuous. *See H.J., Inc. v. Nw. Bell Tel. Co.* (1989), 492 U.S. 229, 236-43.

In other words, "the alleged acts of wrongdoing must not only be related, but . . . must 'amount to or pose a threat of continued criminal activity.'" *Gamboa v. Velez,* 457 F.3d 703, 705 (7th Cir. 2006). In this case, Plaintiffs have offered no allegations to support a finding of multiple acts of racketeering activity. Therefore, Plaintiffs have not alleged a pattern of racketeering activity. For these reasons, Plaintiffs' claim for RICO violations should be dismissed.

> 11. *Plaintiffs' counts for criminal embezzlement and equity skimming fail to state a claim for relief against the remaining defendants.*

Plaintiffs' Counts Seventeen and Eighteen seek recovery for alleged equity skimming and embezzlement. In addition to the fact that these are criminal counts as

opposed to civil counts, Plaintiffs appear to make no effort to state a claim for relief against defendants for either equity skimming or embezzlement. As such, these claims should be dismissed.

>    12.    *Plaintiffs' Count Twenty fails to state a claim for relief.*

Plaintiffs' Count Twenty captioned "U.C.C. Question – Section 7.42" simply fails to state a claim. As an initial matter, the count is captioned as a "question" rather than a cause of action. Because this Court cannot grant an advisory opinion on a question of law, this count should be dismissed.

Further, it is impossible to discern the nature of the request for relief. Plaintiffs' citation to Section 7.42 simply adds to the confusion, as neither the Uniform Commercial Code (the "UCC") nor Ohio's codified statutory adoption of the UCC is organized in such a manner. More importantly, Plaintiffs' complaint alleges no set of facts to establish any cause of action available under the UCC. As noted above, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). As such, Plaintiffs' Count Twenty fails to state a claim upon which relief can be granted.

## IV.

Accordingly, for the forgoing reasons, **IT IS HEREBY RECOMMENDED THAT** plaintiff's complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief can granted; that defendants' motions to dismiss (Docs. 26, 28, 30, 33, 41) be **GRANTED**;  and that this case be **CLOSED.**

   **IT IS SO RECOMMENDED.**


Date:  February 10, 2009   		 s/Timothy S. Black
					Timothy S. Black
					United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEMETRIOUS SMITH, *et al.*, | : | Case No. 1:08-cv-408 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).