UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Demetrious Y. Smith, et al,   :   Case No. 1:08-cv-408
                              :
    Plaintiffs,           :
                              :
vs.                           :
                              :
United States of America, et al, :
                              :
    Defendants.           :

**ORDER**

Before the Court are Plaintiffs' objections to the Report and Recommendation of the Magistrate Judge. (Doc. 62) The Magistrate Judge recommends that this Court grant the motions to dismiss filed by Defendants JP Morgan Chase, Ocwen Financial Corporation, Wells Fargo Bank, US Bank, and National City Bank. (Doc. 60)

Also before the Court is the answer and motion of defendant Bruce G. Hill to dismiss (Doc. 29), and Plaintiffs' motion for a stay, or to hold this case in abeyance for 90 days pending Plaintiff's appeal of a prior order. (Doc. 62)

**FACTUAL BACKGROUND**

Plaintiffs, who are proceeding pro se and in forma pauperis, allege they are each victims of predatory lending practices and improper foreclosure proceedings, and claim that they have suffered numerous civil and constitutional rights violations perpetrated by a wide variety of parties originally named as

-1-

defendants.  (See Complaint, Doc. 11.)  This Court sua sponte dismissed the federal and state governmental and judicial defendants, as well as claims against attorneys who apparently represented Plaintiffs in the past, or were involved in Plaintiffs' real estate purchase and/or foreclosure and bankruptcy proceedings.  (See Doc. 12, July 3 Order.)  The remaining defendants - JP Morgan Chase, Bruce Hill, Ocwen Finance, Aegis Funding, New Century Mortgage Company, National City Bank, U.S. Bank, Marvin Smith, and Wells Fargo Bank - all allegedly procured or made fraudulent and predatory loans to Plaintiffs.  Several Defendants allegedly conspired to foreclose on property belonging to Plaintiff Denise Hill.  Other Defendants were involved with the events giving rise to Demetrious and Amy Smith's previous lawsuits concerning their purchase of and the eventual foreclosure on three properties.[1]

Plaintiff's complaint also requested appointment of counsel, a request the Magistrate Judge denied.  (See Doc. 27, August 28, 2008 Order.)  The Magistrate Judge relied on established Sixth Circuit precedent that appointment of counsel in a civil action

---

[1] These cases include Smith v. ABN AMRO Mortgage Group, et al, No. 1:06-cv-45 (S.D. Ohio, Judge Barrett); three cases filed in Hamilton County Common Pleas Court against the Smiths by ABN AMRO Mortgage Group and Chase Manhattan Mortgage Corp. (Case Nos. A0400159, A0403664, and A0408502, all filed in 2004); and Demetrious Smith and Amy Smith's Chapter 13 bankruptcy petition, filed in the Southern District of Ohio bankruptcy court on January 7, 2004 (Case No. 1:04-bk-10066).

is not a constitutional right when plaintiff's personal liberty is not threatened, and may be justified in exceptional circumstances in the court's discretion.  See Lavado v. Keohane, 992 F.2d 601, 604-605 (6th Cir. 1993), and Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003).

This Court recently entered an order affirming the conclusions of the Magistrate Judge, and denying Plaintiffs' motion for appointment of counsel.  (Doc. 59, Order of January 12, 2009)  Plaintiffs have filed a notice of appeal from that order (Doc. 63), as well as a document purporting to request en banc review by the Sixth Circuit, and a motion to hold the case in abeyance pending that appeal.  (Doc. 64)  This Court finds that the notice of appeal does not divest the Court of jurisdiction to consider Plaintiffs' objections to the Report and Recommendation.  The Court also finds that Plaintiffs' motion for a stay is not well-taken, because the pending motions to dismiss can be determined without need for additional discovery or a stay of this case.  That motion is therefore denied.

The moving defendants argue that Plaintiffs' panoply of claims alleged against them fail to state a cognizable claim for relief, and should be dismissed under Rule 12(b)(6).  The motions by the financial entities (Doc. 26, 28, 30, 33 and 41) generally contend that Plaintiffs' complaint is devoid of factual allegations that could support the claims.

**DISCUSSION**

1.  Standard of Review.

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), and Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998). The same general test applies to a challenge to subject matter jurisdiction, and Plaintiff bears the burden of establishing the propriety of jurisdiction.

Bell Atlantic v. Twombly, 550 U.S. 544 (2007) signaled a significant change in the standard of review for Rule 12 motions. The Sixth Circuit recently stated that, after Twombly, a claim will survive a motion to dismiss if its "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. ... [W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder. ... [W]e construe the complaint in the light most

favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir. 2008) (internal citations omitted).

2.  Plaintiff's Constitutional and Statutory Claims.

The complaint contains claims under 42 U.S.C. §§1981, 1982, 1983 and 1985 (1st and 2nd claims), 15 U.S.C. §1692e, the Fair Debt Collection Practices Act (7th Claim), due process and equal protection violations (10th Claim), the Fair Housing Act (11th Claim), Ohio's consumer protection statutes banning unfair and deceptive acts and practices (15th Claim), a federal RICO claim (16th Claim), and the UCC (20th Claim).  The facts supporting these claims are sketchy at best.  For instance, Plaintiffs allege that JP Morgan Chase was "tied into" Plaintiff Denise Hill's fraudulent loan with Bruce G. Hill, another defendant in this case.  Plaintiffs do not explain how or in what manner JP Morgan Chase was "tied into" an alleged fraudulent loan transaction, and the Court cannot discern any facts that arguably or plausibly support the panoply of Plaintiffs' statutory claims against JP Morgan Chase.

Similarly, as to Ocwen Financial, Plaintiffs allege that this defendant "participated in the scheme" and that Ocwen's role "needs to be investigated."  Ocwen Financial has submitted an affidavit establishing that it has no contacts with Ohio, and did

not originate or service any mortgage in Ohio involving Plaintiff Denise Hill. See Doc. 28. Plaintiffs have not challenged Ocwen's assertions.

Plaintiffs also allege that Wells Fargo, along with other Defendants, are "worth millions and billions, [and] were allowed to seize our properties by breaking the law." (Complaint at p. 9) They claim that Wells Fargo was associated in some fashion with an in rem proceeding, and had some unspecified "ties" with Merrill-Lynch. (Id., p. 8) This, they contend, means that Wells Fargo wasn't a good faith purchaser, and broke the law when it was allowed to seize Plaintiffs' properties. As to National City Bank, Plaintiffs allege that "mortgage payments were altered," and that there were irregularities between an "original note" and other documents apparently involved in a prior foreclosure. There are no facts that explain how National City Bank was involved in these alleged irregularities. (Id., p. 6)

Plaintiffs allegations against these Defendants are plainly insufficient, even under the liberal standards governing a pro se plaintiff's pleadings, to support the various statutory causes of action against the moving defendants.

3. <u>Common Law Claims</u>.

Plaintiffs' complaint also contains a wide variety of common law claims against these Defendants. They include infliction of emotional distress (3rd and 4th claims), fraud by omission (5th

-6-

claim), conflict of interest (6th claim), deprivation of access to courts (8th claim), legal malpractice and "tort liability" (13th and 14th claims), and various "human rights violations" (19th claim). Several of these claims fail on the face of the pleadings. There is no attorney-client relationship alleged; there are no facts demonstrating a duty owed by these Defendants to Plaintiffs, such that an actionable conflict of interest might arise; none of these Defendants deprived Plaintiffs of access to the courts; and there is no right of action for general "human rights violations" as Plaintiffs suggest.

Claims for negligent or intentional infliction of emotional distress require a plaintiff to allege far more facts than the Plaintiffs have here. Negligent infliction claims require plaintiffs to establish some fear of tangible physical harm. Intentional infliction claims require pleading of facts to demonstrate that the conduct at issue was so extreme as to be beyond all possible bounds of decency, or utterly intolerable. See, e.g., Phung v. Waste Mgt., Inc., 71 Ohio St. 3d 408, 410, 644 N.E.2d 286 (Ohio 1994). Plaintiffs' complaint is devoid of facts demonstrating conduct by the moving defendants that would satisfy these pleading standards.

Finally, Plaintiffs' 17th and 18th claims, for "equity skimming" and embezzlement, appear to allege criminal conduct, and are not cognizable civil claims.

This Court has carefully considered the record and Plaintiffs' contentions. This Court concludes that the motions to dismiss of Defendants JP Morgan Chase, Ocwen Financial Corporation, Wells Fargo Bank, US Bank, and National City Bank are well-taken, and should be granted.

4. <u>Answer and Motion of Defendant Bruce Hill</u>.

Defendant Bruce Hill filed an answer to Plaintiffs' complaint, requesting that he be dismissed. (Doc. 29) Hill avers in his pro se pleading that he is married to Denise Hill, who is not the same person as Plaintiff Denise Hill. He avers that he does not know any of the Plaintiffs, and has never had any dealings of any kind with any of the other named Defendants. Plaintiffs' complaint mentions Mr. Hill in passing, but utterly fails to explain how Mr. Hill might have been involved in any untoward conduct towards the Plaintiff. The only reference to Mr. Hill in the record, apart from Plaintiffs' pleadings, is a copy of a case information printout from the Hamilton County courts, indicating that a tax lien entered against Mr. Hill and his wife was released in 2001. This document has no bearing upon any of Plaintiffs' allegations.

The Court therefore will grant defendant Bruce Hill's pro se motion to dismiss, and Plaintiffs' claims against Bruce G. Hill are hereby dismissed with prejudice.

The Court also notes, upon a review of the docket, that

Plaintiffs have not filed a proof of service on Defendant Marvin Smith. In addition, it appears that two named defendants, Aegis Funding and New Century Financial, were both served (see Doc. 24) but neither entity has entered a separate appearance. The Court notes that the motion filed by defendant Wells Fargo states that it was acting as trustee for an asset-backed securities trust associated with Aegis. Similarly, defendant U.S. Bank is moving in its capacity as trustee for a New Century loan trust. Plaintiffs are therefore ordered to file a statement reflecting any basis upon which Aegis and New Century may be liable to them, apart from the allegations made against Wells Fargo and U.S. Bank which this Court has found to be insufficient.

## CONCLUSION

For all of the foregoing reasons, the Court adopts in part the Report and Recommendation of the Magistrate Judge. The motions to dismiss filed by defendants JP Morgan Chase, Ocwen Financial Corporation, Bruce G. Hill, Wells Fargo Bank, US Bank, and National City Bank, Docs. 26, 28, 29, 30, 33, and 41 respectively, are each granted. Those Defendants are hereby dismissed **with prejudice**.

Plaintiffs are ordered to show cause why their claims against Aegis Funding and New Century Financial should not be dismissed for the same reasons the Court is granting the pending motions of defendants Wells Fargo and U.S. Bank. Plaintiffs are

also ordered to show cause why their claims against defendant Marvin Smith should not be dismissed for failure of service of process.  Plaintiffs' statement must be filed no later than March 20, 2009.

    SO ORDERED.

DATED: March 5, 2009        <u>s/Sandra S. Beckwith</u>
                                     Sandra S. Beckwith
                                     Senior United States District Judge